WILLIAM C. JOHNSON, ESQ. (State Bar No. 85224)
**BENNETT & JOHNSON, LLP**
1901 Harrison Street, Suite 1600
Oakland, California 94612
Telephone:    (510) 444-5020
Facsimile:    (510) 835-4260
*william@bennettjohnsonlaw.com*
Attorneys for Plaintiff
JANE DOE, by and through her Guardian Ad Litem,
D.H.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, by and through her Guardian Ad Litem, D.H., | CASE NO.: |
| Plaintiff, | **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |
| vs. | |
| MT. DIABLO UNIFIED SCHOOL DISTRICT, a public entity, DANIEL GONZALEZ, an individual, and DOES 1 through 10, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants, | |

COMES NOW, Plaintiff JANE DOE, by and through her Guardian Ad Litem, D.H., by and through their attorneys, Bennett & Johnson, LLP, and submits this Complaint for Damages against each of the Defendants named herein.

### PARTIES, JURISDICTION, AND VENUE

1.    At all times herein mentioned, Plaintiff, JANE DOE, a mentally disabled person, resided in the City of Concord, County of Contra Costa, State of California, within boundaries of the United States District Court for the Northern District of California. At all relevant times, Plaintiff

1

Bennett
Johnson LLP

was a student at the Bridge Program at Loma Vista Adult Center, 1266 San Carlos Ave., Concord, CA, a public school within the jurisdiction of Defendant MT. DIABLO UNIFIED SCHOOL DISTRICT ("MDUSD").

2.       D.H. is the natural mother and general guardian for plaintiff, JANE DOE, a mentally disabled person.

3.       Defendant, MDUSD, is, and at all relevant times was, a public entity, school district, and state agency in the state of California. At all relevant times, MDUSD operated, controlled, maintained, and supervised the Bridge Program at Loma Vista Adult Center, 1266 San Carlos Ave., Concord, CA, within its school district.

4.       Defendant, DANIEL GONZALEZ, is, and at all relevant times was, an individual over the age of 18, residing in the State of California, and was employed by MTUSD as a teacher for mentally disabled students at the Bridge Program at Loma Vista Adult Center.

5.       At all times herein mentioned, Defendant, DANIEL GONZALEZ, was an agent, servant and employee of the remaining Defendants and was acting within the course and scope of that agency or employment.

6.       Plaintiff is informed and believes, and thereupon alleges, that Defendants, DOES 1-10, inclusive, are, and at relevant times were, individuals over the age of 18, residing in the State of California, and were adult teachers, aids, therapists, nurses, counselors, and/or administrators at the Bridge Program at Loma Vista Adult Center and/or MDUSD, who owed a duty of care to Plaintiff as a special education student at the Bridge Program at Loma Vista Adult Center, and breached that duty.

7.       At all times herein mentioned, Defendants DOES 1-10, inclusive, were the agents, servants and employees of the remaining Defendants and were acting within the course and scope of that agency or employment.

8.       Plaintiff does not know the true names and/or capacities of DOES 1-10, inclusive, and Plaintiff prays leave to amend this Complaint to insert the true names of defendants when their identities are ascertained.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

9.      This Court has federal question jurisdiction under 28 U.S.C. §1331 and under 20 U.S.C. §1681 et seq., and supplemental jurisdiction of the state law claims under 28 U.S.C. §1367.

10.     Venue of this action lies in this district pursuant to 28 U.S.C. §1391(b), as the Defendants reside in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

11.     All conditions precedent to the filing of this action have been satisfied. Plaintiff presented a claim for damages to MDUSD on February 2, 2018. Defendant MDUSD served notice of the denial of Plaintiff's claim on February 23, 2018. This action is being filed within 6 months of Defendant's denial.

## FACTUAL ALLEGATIONS

12.     At all relevant times, Plaintiff, JANE DOE, is and was a mentally disabled person within the meaning of California Penal Code §261 et seq. and incapable of giving legal consent for sexual intercourse.

13.     Plaintiff, JANE DOE, a mentally disabled person, was a student at the Bridge Program at Loma Vista Adult Center during the fall 2017 school year. The Bridge Program assists special needs students to increase independence and access vocational, social and recreational opportunities in the community. At all relevant times herein, JANE DOE lived with her mother and general guardian D.H.

14.     During the fall of 2017 one of JANE DOE'S special education teachers at the Bridge Program was Defendant DANIEL GONZALEZ. During the fall of the 2017 school year, Defendant DANIEL GONZALEZ sexually assaulted JANE DOE on at least 23 occasions between September 2017 and December 5, 2017, including acts of rape, sex with a foreign object, forced sodomy, and oral sex.

15.     The sexual assaults occurred both off and on the premises of the Bridge Program at Loma Vista Adult Center and/or MDUSD.

16.     Prior to and during the time that Defendant DANIEL GONZALEZ was sexually abusing JANE DOE during the 2017 school year, Defendant MDUSD, and DOES 1-10, inclusive, had

3

Bennett Johnson LLP

1   actual notice that Defendant DANIEL GONZALEZ was engaging in prohibited and

2   inappropriate behavior and posed a risk of sexual abuse to students.

3   17.     Prior to and during the time that Defendant DANIEL GONZALEZ was sexually abusing

4   JANE DOE, Defendants MDUSD and DOES 1-10, inclusive, had actual notice that Defendant

5   DANIEL GONZALEZ was engaging in misconduct and prohibitive behavior including but not

6   limited to: giving female students unsupervised rides in his private vehicle during school related

7   events as well as to and from school; visiting students at off campus locations including their

8   homes and places of work; providing students with gifts, ice cream, alcohol and drugs; spending

9   unsupervised time involving unauthorized activity with students, including, but not limited to

10  Plaintiff JANE DOE, while at the Bridge Program facility both during and after designated

11  school hours.

12  18.     Plaintiff is informed and believes, and thereupon alleges, that Defendants MDUSD and

13  DOES 1-10, inclusive, had actual notice of rumors and innuendo regarding the inappropriate and

14  prohibited behavior of Defendant DANIEL GONZALEZ, including rumors of sexual

15  misconduct, but failed to take any appropriate action to investigate, protect present and future

16  victims, or remedy the situation.

17  19.     As a result of the failure of Defendants MDUSD, and DOES 1-10, inclusive, to supervise,

18  investigate, and monitor Defendant DANIEL GONZALEZ and as a direct and proximate result

19  of the above acts and omissions, Plaintiff suffered and incurred, and will suffer and incur in the

20  future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent

21  emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life,

22  loss of future earnings, loss of earning capacity, and medical expenses, and any other general and

23  special damages according to proof.

24  **FIRST CAUSE OF ACTION**

25  **VIOLATION OF TITLE IX, 20 U.S.C. §1681 et seq.**

26  **Against Defendants MDUSD and DOES 1-10**

27  20.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 19 above as

28

4



COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

1  though set fourth fully herein.

2  21.    At all relevant times herein, Defendant MDUSD and the Bridge Program at Loma Vista

3  Adult Center received federal financial assistance within the meaning of 20 U.S.C. §1681(a).

4  22.    At all relevant times herein, Plaintiff JANE DOE was a student at the Bridge Program at

5  Loma Vista Adult Center. At all times herein mentioned, JANE DOE had a right not be subject to

6  sexual discrimination, harassment or abuse while she attended the Bridge Program at Loma Vista

7  Adult Center.

8  23.    Prior to and during the time that Defendant DANIEL GONZALEZ was sexually abusing

9  JANE DOE during the 2017 school year, Defendant MDUSD and DOES 1-10, inclusive, had

10  actual notice of the prohibitive behavior by Defendant DANIEL GONZALEZ, and that

11  Defendant DANIEL GONZALEZ posed a substantial risk of sexual harassment, abuse and/or

12  assault to students. Officials of Defendant MDUSD including Defendant DOES 1-10, inclusive,

13  had authority to address Defendant DANIEL GONZALEZ inappropriate and prohibitive

14  behavior, and to institute corrective or preventive measures on behalf of MDUSD.

15  24.    Despite their knowledge of Defendant DANIEL GONZALEZ' prohibitive and

16  inappropriate behavior, and rumors regarding sexual misconduct and abuse, Defendants

17  MDUSD, and DOES 1-10, inclusive, did nothing to prevent Defendant DANIEL GONZALEZ'

18  behavior, condoned said behavior, and allowed him to isolate students in unsupervised situations,

19  including Plaintiff herein, so that he could undertake said sexual abuse, thereby failing to protect

20  students such as Plaintiff, and Plaintiff specifically, from rape and sexual violence at the Bridge

21  Program at Loma Vista Adult Center. At the very least, any corrective measures taken by

22  Defendants were woefully inadequate as Defendant DANIEL GONZALEZ continued to be

23  allowed to engage in inappropriate and prohibitive conduct without intervention.

24  25.    At all relevant times herein, MDUSD and DOES 1-10, inclusive, had exercised

25  substantial control over those harassed, including JANE DOE, and in the context in which the

26  known harassment occurred. This included the school grounds in which multiple events of sexual

27  abuse including rape occurred.

28

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

Bennett
Johnson LLP

26.     The sexual violence described above was so severe, pervasive, and objectively offensive that it deprived Plaintiff access to one or more educational opportunities or benefits.

27.     Defendants MDUSD and DOES 1-10, inclusive, exhibited deliberate indifference, acquiescence, and condoned Defendant DANIEL GONZALEZ' prohibitive and inappropriate behavior, and rumors of sexual abuse and misconduct.

28.     As a direct, proximate, and legal result of the acts and omissions of Defendants MDUSD and DOES 1-10, inclusive, as alleged herein, Plaintiff suffered and incurred, and will suffer and incur in the future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life, loss of future earnings, loss of earning capacity, and medical expenses, and any other general and special damages according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as herein set forth.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

### Against Defendants MDUSD and DOES 1-50

29.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 above as though set fourth fully herein.

30.     At all relevant times herein, Defendants MDUSD and DOES 1-10, inclusive, were in the special relationship of school-student with Plaintiff which provided Plaintiff the right of protection from Defendants.

31.     At all relevant times herein, Defendants MDUSD and DOES 1-10, inclusive, were in a special relationship with Defendant DANIEL GONZALEZ as a special needs teacher of vulnerable individuals at the Bridge Program at Loma Vista Adult Center which gave Defendants MDUSD and DOES 1-10, inclusive, a right to control Defendant DANIEL GONZALEZ' conduct.

32.     At all relevant times herein, Defendants MDUSD, and DOES 1-10, inclusive, had a duty

6



1   to take all reasonable steps to protect their students' (including Plaintiff's) well-being, safety, and

2   health, including protection from sexual assaults and abuse. This duty encompassed using

3   reasonable care in the supervision and control of faculty and teachers, such as Defendant

4   DANIEL GONZALEZ, as well as general protection of Plaintiff as a member of the student body

5   with special needs. This duty encompassed the prevention of foreseeable harm from occurring to

6   Plaintiff such as the harm which occurred on multiple occasions both on and off campus. This

7   duty encompassed providing a safe education during all times which school is open. This duty is

8   also reflected, in part and without limitation, by the following:

9   a. California Government Code §§ 815.2, 815.6.

10   b. California Constitution, Article I, §28(f)(1).

11   c. California Education Code §44807.

12   d. California Code of Regulations, Title 5, §§5530, 5531, 5550, 5551, and 5552.

13   33.      At all relevant times herein, Defendants MDUSD, and DOES 1-10, inclusive, knew or

14   should have known that Defendant DANIEL GONZALEZ posed a substantial risk of harm to the

15   health, safety and welfare of students at the Bridge Program at Loma Vista Adult Center.

16   34.      At all relevant times herein, Defendants MDUSD, and DOES 1-10, inclusive, knew or

17   should have known that a failure to properly supervise Defendant DANIEL GONZALEZ while

18   he was with special needs students would lead to dangerous and harmful conduct including the

19   sexual abuse of JANE DOE.

20   35.      At all relevant times herein, Defendants MDUSD, and DOES 1-10, inclusive, failed to

21   take reasonable steps to provide for JANE DOE's safety and control Defendant DANIEL

22   GONZALEZ, failed to train/supervise staff to detect and prevent sexual abuse, and failed to take

23   any steps to warn staff and/or other authority figures of the consequences of failing to supervise

24   students and allowing teachers to spend unsupervised time with students, up to and including the

25   occurrence of sexual abuse.

26   36.      Defendants MDUSD and DOES 1-10, inclusive, were negligent and breached their duties

27   by failing to provide a safe environment for JANE DOE where she would be free from sexual

28

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES



abuse; by failing to monitor and supervise special needs education students on the premises of the Bridge Program at Loma Vista Adult Center and protect them from abuse; by hiring, retaining, and failing to train and supervise Defendant DANIEL GONZALEZ when Defendants knew or should have known he posed a substantial risk of harm to students; in allowing, permitting, approving, and encouraging the prohibited and inappropriate behavior of Defendant DANIEL GONZALEZ when Defendants knew or should have known he posed a substantial risk of harm to students; by failing to maintain, manage, control or operate the Bridge Program at Loma Vista Adult Center premises and staff in such a way as to provide proper supervision of students and staff so as to protect student safety.

37.     Defendants MDUSD and DOES 1-10, inclusive, were negligent and breached their duties in their hiring, screening, control, supervision, counseling, retention, discipline, and otherwise failing to take adequate precautions and actions with respect to teachers, nurses, aids, counselors, administration and related staff, so as to prevent or deter sexual abuse.

38.     Defendant MDUSD is liable for the negligence of Defendants DANIEL GONZALEZ and DOES 1-10, inclusive, pursuant to California Government Code §815.2.

39.     As a direct, proximate, and legal result of the acts and omissions of Defendants MDUSD, and DOES 1-10, inclusive, as alleged herein, Plaintiff was sexually abused and assaulted by Defendant DANIEL GONZALEZ on multiple occasions while she attended the Bridge Program at Loma Vista Adult Center in the fall of 2017.

40.     The sexual abuse was a foreseeable result of Defendants MDUSD, and DOES 1-10 breach of duties to JANE DOE.

41.     As a direct, proximate, and legal result of the acts and omissions of Defendants MDUSD, and DOES 1-10, inclusive, as alleged herein, Plaintiff suffered and incurred, and will suffer and incur in the future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life, loss of future earnings, loss of earning capacity, and medical expenses, and any other general and special damages according to proof.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as herein set forth.

## THIRD CAUSE OF ACTION

### NEGLIGENCE

#### Against Defendant DANIEL GONZALEZ

42.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 41 above as though set fourth fully herein.

43.     Defendant DANIEL GONZALEZ negligently and carelessly failed to control his limbs and body so as to allow his limbs and body to strike Plaintiff's person, directly and indirectly, thereby causing Plaintiff to suffer severe injury as hereinafter alleged.

44.     As a direct, proximate, and legal result of the acts and omissions of Defendant DANIEL GONZALEZ, inclusive, as alleged herein, Plaintiff suffered and incurred, and will suffer and incur in the future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life, loss of future earnings, loss of earning capacity, and medical expenses, and any other general and special damages according to proof.

## FOURTH CAUSE OF ACTION

### SEXUAL BATTERY

#### Against Defendant DANIEL GONZALEZ.

45.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 above as though set fourth fully herein.

46.     Defendant DANIEL GONZALEZ touched Plaintiff in a sexual manner, with the intent to harm, offend, and/or humiliate Plaintiff.

47.     Plaintiff did not consent to the harmful and offensive touching.

48.     Defendant DANIEL GONZALEZ acted maliciously, oppressively, and with a conscious disregard for the rights, safety, and well-being of Plaintiff, such that an award of exemplary and punitive damages should be imposed against this Defendant.

9



49.     As a direct, proximate, and legal result of Defendant DANIEL GONZALEZ' conduct, as alleged herein, Plaintiff suffered and incurred, and will suffer and incur in the future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life, loss of future earnings, loss of earning capacity, and medical expenses, and any other general and special damages according to proof.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**Against Defendant DANIEL GONZALEZ**

49.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28 and Paragraphs 45 through 49 above as though set fourth fully herein.

50.     The conduct of Defendant DANIEL GONZALEZ was extreme and outrageous.

51.     Defendant DANIEL GONZALEZ intended to cause Plaintiff emotional distress.

52.     As a result of Defendant DANIEL GONZALEZ' conduct Plaintiff did in fact incur severe emotional distress.

53.     Defendant DANIEL GONZALEZ acted maliciously, oppressively, and with a conscious disregard for the rights, safety, and well-being of Plaintiff, such that an award of exemplary and punitive damages should be imposed against this Defendant.

54.     As a direct, proximate, and legal result of DANIEL GONZALEZ' conduct, as alleged herein, Plaintiff suffered and incurred, and will suffer and incur in the future, significant educational detriment, humiliation, pain, suffering, fear, serious and permanent emotional harm, psychological harm, mental anguish, the loss of enjoyment and quality of life, loss of future earnings, loss of earning capacity, and medical expenses, and any other general and special damages according to proof.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:



10

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

1  FIRST CAUSE OF ACTION

2       1.      General damages in a sum to be determined at time of trial of this action;

3       2.      All special and incidental damages according to proof;

4       3.      Attorney's fees by statute;

5       4.      Expert's fees by statute;

6       5.      All costs of suit; and,

7       6.      Such other and further relief as the Court deems proper in the premises.

8  SECOND AND THIRD CAUSES OF ACTION

9       1.      General damages in a sum to be determined at time of trial of this action;

10      2.      All special and incidental damages according to proof;

11      3.      All costs of suit; and,

12      4.      Such other and further relief as the Court deems proper in the premises.

13 FOURTH AND FIFTH CAUSES OF ACTION

14      1.      General damages in a sum to be determined at time of trial of this action;

15      2.      All special and incidental damages according to proof;

16      3.      Exemplary damages;

17      3.      All costs of suit; and,

18      4.      Such other and further relief as the Court deems proper in the premises.

19

20 DATED:  May 1, 2018                    BENNETT & JOHNSON, LLP

21

22                                        By:_____/s/_____
23                                           WILLIAM C. JOHNSON
24                                           Attorneys for the Plaintiff

25

26

27

28

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

