UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br>            Plaintiff,<br>    v.<br>MT. DIABLO UNIFIED SCHOOL DISTRICT, et al.,<br>            Defendants. | Case No. 18-cv-02589-JSC<br><br>**ORDER GRANTING MOTION TO PROCEED ANONYMOUSLY**<br><br>Re: Dkt. Nos. 4, 8 |

Plaintiff is a mentally disabled person who alleges she was sexually assaulted 23 times by her special education teacher, Daniel Gonzalez, an employee of Mt. Diablo Unified School District (together, "Defendants"). (Dkt. No. 1 ¶¶ 12, 14.) The sexual assaults included acts of rape, sex with a foreign object, forced sodomy, and oral sex. (*Id.*) Now pending before the Court is Plaintiff's motion to proceed anonymously. (Dkt. No. 4.) Pursuant to Local Civil Rule 7–1(b), the Court finds that the pending motion is appropriate for determination without oral argument. After reviewing Plaintiff's Complaint and considering the arguments raised in Plaintiff's brief, the Court GRANTS Plaintiff's motion for the reasons set forth below.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a)) (requiring that the title of every complaint "include the names of all the parties). This presumption is related to the public's common law right of access to judicial proceedings, *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000), and "the right of private individuals to confront their accusers," *Kamehameha Schools*, 596 F.3d at 1042. Nevertheless, a party may proceed anonymously when "special circumstances justify secrecy." *Advanced Textile Corp.*, 214 F.3d at 1067. "Parties may use pseudonyms in the unusual

case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-1068. A party may preserve his or her anonymity when "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

District Courts have broad discretion to determine whether a plaintiff may proceed anonymously. *Advanced Textile Corp.*, 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046. With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity. *See Doe v. Penzato*, No. CV 10-5154-MEJ, 2011 WL 183300, at *5 (N.D. Cal. May 13, 2011) (granting the plaintiff's petition to proceed anonymously because she alleged she was a victim of human trafficking, forced labor, sexual battery, and invasion of privacy during her occupation as a child caretaker and housekeeper); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (concluding the use of a pseudonym was appropriate because petitioner was repeatedly sexually assaulted in prison and would likely be subjected to more violence if his name was revealed); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (concluding the plaintiffs "warrant anonymity on the ground their allegations of harm...concern sexual assault" as well as fear of retaliation and physical harm); *see also Jordan v. Gardner*, 986 F.2d 1521, 1525 n.4 (9th Cir. 1990) ("In keeping with the tradition of not revealing names of the victims of sexual assault, we use initials here to protect the privacy of the inmates.").

Plaintiff's motion to proceed anonymously is granted. Given the serious and sensitive nature of the allegations of repeated sexual assault by Plaintiff's special education teacher, there is a high likelihood Plaintiff will suffer personal embarrassment and further emotional injury if forced to proceed in this litigation under her real name. Such personal embarrassment and emotional injury outweighs any potential prejudice to Defendants. *See Advanced Textile Corp.*, 214 F.3d at 1067, 1068. Further, as other courts in this district have held, allowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that

other victims will not be deterred from reporting such crimes. *See Penzato*, 2011 WL 183300, at *5; *Heineke v. Santa Clara University*, No. 17-cv-05285-LHK, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017) (concluding "the public interest is served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward").

Accordingly, Plaintiff's motion is GRANTED. As Defendants have not yet appeared in this action, Defendants may later file a motion to compel disclosure of Plaintiff's true name if Defendants can make a good faith showing of prejudice.

This Order disposes of Docket. No. 4.

**IT IS SO ORDERED.**

Dated: May 22, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge