UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No. 18-cv-02589-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MT. DIABLO UNIFIED SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 78 |

The motion for summary judgment is granted as to the Title IX claim. There is no evidence in the record from which a reasonable jury could conclude that any District official with authority to institute corrective measures had actual knowledge of but was deliberately indifferent to Gonzalez's misconduct. *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 277 (1998).

The motion is denied as to the negligence claim. On the negligent hiring theory, Gonzalez's personnel file from his prior job documented two instances of misconduct, both of which were of a sexual nature. A reasonable jury could conclude that a school district hiring teachers to care for a vulnerable population must make reasonable efforts to learn whether an applicant has disciplinary incidents in his file (particularly incidents reflecting misconduct of a sexual nature), and that the District's investigation was not sufficiently geared towards finding those records. *Cf. Doe v. United States Youth Soccer Association, Inc.*, 8 Cal. App. 5th 1118, 1132-33 (2017). Nor is it too great a leap for a reasonable jury to conclude that those incidents, if discovered, would have put the District and its employees on notice that Gonzalez posed a threat

to the safety of its students.

On the negligent supervision theory, a reasonable jury could conclude that District employees were negligent in placing Gonzalez in a physically remote classroom where he could be confident of being undisturbed while alone with a student, both during the school day and immediately after class. Moreover, one of Gonzalez's classroom aides testified that the physical distance between that classroom and the principal's office actually caused the principal to observe Gonzalez less frequently than she did other teachers. The conclusion that placing a male teacher in that position of isolation was negligent seems especially plausible in light of Gonzalez's prior misconduct, but even without considering that conduct a jury could reasonably find that it was negligent, particularly given the special vulnerability of the students at this school.

**IT IS SO ORDERED.**

Dated: April 30, 2021

VINCE CHHABRIA
United States District Judge