UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, ET AL.,<br><br>          Plaintiffs,<br><br>     v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT, et al.,<br><br>          Defendants. | Case No.  18-cv-02589-VC<br><br>**RULINGS ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 94, 95, 96, 97, 98, 99, 100, 101, 124 |

This order summarizes the Court's rulings on the City's motions in limine. As a reminder, a ruling on a motion on limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

The District's Motions

1.  The District's Motion in Limine No. 1 to exclude inflammatory references and post-incident opinions is denied. The Court will step in at trial as necessary if witnesses or attorneys start using inappropriate language with respect to Mr. Gonzalez.

2.  The District's Motion in Limine No. 2 to exclude mention of other claims or lawsuits is denied. The school district has not identified what other cases or incidents the plaintiff might seek to admit, and the Court cannot make a blanket ruling at this stage.

3.  The District's Motion in Limine No. 3 to exclude references to the plaintiff as "disabled" or "special needs" is denied.

4.  The District's Motion in Limine No. 4 to exclude evidence related to pre-hiring complaints against Gonzalez is denied. It is difficult to understand why the District filed this motion. As explained in the summary judgment ruling, those complaints are

the very reason the case needs to go to trial on the negligent hiring claim.

5.   The District's Motion in Limine No. 5 to exclude the plaintiff's claim for future economic damages is granted in part. It is granted to the extent that Dr. Huckabee will not be permitted to testify about the amount of future economic damages caused by the District's alleged negligence, because: (i) the plaintiffs did not disclose that Dr. Huckabee would offer an opinion on this topic; (ii) Dr. Huckabee is, in any event, not qualified to give testimony on at least some of the numbers she now presents; and (iii) allowing her to testify on the amount of future economic damages would unfairly prejudice the District—not merely because it would need to depose Dr. Huckabee again, but because it would have hired its own economist on the issue of future damages had it known that the plaintiffs were presenting expert testimony on it. However, to the extent that the District seeks to prevent the plaintiff from seeking future economic damages altogether, the motion is denied. With the exception of future earnings, the District was on notice that the plaintiff would seek future economic damages. *See* Dkt. 129-1 at 4. Expert testimony is not necessarily required for this purpose, so long as the plaintiff presents substantial evidence in support of her request. *See, e.g., Morse v. County of Merced*, 2018 WL 3469062, at *2-4 (E.D. Cal. July 16, 2018). The plaintiff explicitly disclaimed future earnings in its discovery responses, so lost future earnings may not be included in any request for future economic damages. *See* Dkt. No. 129-1 at 54. Indeed, the plaintiff stated she was not seeking lost income at all, and is therefore barred from seeking lost income (past or future) at trial.

<u>The Plaintiff's Motions</u>

1.   Jane Doe's Motion in Limine No. 1 to exclude evidence of the plaintiff's other sexual behavior is granted in part and denied in part. As discussed at the August 9 hearing on the motions in limine, Jane Doe's prior sexual experience is not relevant to the question of adequate supervision, and to the extent that there is any marginal

relevance it would be heavily outweighed by the degree to which it would be unfairly prejudicial to the plaintiff. However, evidence related to other abusive sexual relationships might be relevant to damages. The District will be required to make an offer of proof before presenting any such evidence.

2. Jane Doe's Motion in Limine No. 2 to exclude any documents not provided during discovery is denied as unnecessary—the plaintiff has not pointed to any document on the District's exhibit list that was not previously disclosed.

3. Jane Doe's Motion in Limine No. 3 to exclude non-disclosed experts is denied as unnecessary—the plaintiff has not identified anyone the District intends to call who was not disclosed.

4. Jane Doe's Motion in Limine No. 4 to exclude non-expert opinions is denied as overbroad. It might well be appropriate for lay witnesses to testify as to their understanding of school district policies and rules that governed their actions as to the hiring and supervision of Gonzalez. While it would not be appropriate for such witnesses to testify as to the actual legal meaning or effect of the various rules and statutes, the plaintiff's counsel has not identified any specific instances where lay witnesses are expected to testify on those questions.

   **IT IS SO ORDERED.**

Dated: August 11, 2021

VINCE CHHABRIA
United States District Judge